UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

John Doe.,

Appellant,

v.

UNIVERSITY OF BALTIMORE, SCHOOL OF LAW, ET AL.,

Appellees.

No. 25-1913

APPELLANT'S INFORMAL BRIEF PRESERVATION OF ARGUMENTS,
CONCURRENT WITH MOTION FOR LIMITED REMAND

I. INTRODUCTION / RELATIONSHIP TO MOTION FOR LIMITED REMAND

This document is filed as a procedural necessity to satisfy the Court's briefing deadline of September 24, 2025, and is submitted concurrently with Appellant's Motion for a Limited Remand. Appellant contends that a full merits brief is premature and contrary to the principles of judicial economy. As detailed in the accompanying motion, dispositive evidence has emerged indicating that the underlying district court case is a legal nullity due to foundational fraud and other issues. Within the past two weeks, on September 11, 2025, the District Court issued an indicative ruling regarding potential closure of this case.

Appellant respectfully asserts that the proper and most efficient course is to first allow the District Court, via a limited remand, to address this dispositive foundational issue. A ruling in Appellant's favor would render this entire appeal moot. Therefore, this filing's primary purpose is to preserve Appellant's appellate rights while the Court considers the more critical remand motion, which seeks to resolve the entire matter.

II. SUMMARY OF ARGUMENTS PRESERVED FOR APPEAL

Should this Court deny a remand and require briefing on the merits of the interlocutory appeal, Appellant, a layman proceeding *pro se*, is prepared to brief the following issues and arguments, among others, based on the interlocutory orders on appeal (ECF Nos. 128, 129, 168, 170, 172):

- **The District Court Erred in Denying a Full Pseudonym.** The District Court abused its discretion by granting only the use of initials and refusing to consider Appellant's request for a full pseudonym. Appellant requested a full pseudonymous name which was rejected, but John Doe, a conventional name should have been considered. The request for a full pseudonym was made in a reply brief; under the well-established principle of liberal construction afforded to *pro se* litigants, this request should have been considered on its merits rather than being rejected on procedural grounds (ECF No. 128 at p. 8, n.2).

- **The District Court Erred in Denying Redactions in Addition to a Pseudonym.** The District Court erred in its Order (ECF No. 170) by denying Appellant's request to redact specific, sensitive personal information, incorrectly characterizing this as a request for an unsupported "double remedy." The court failed to recognize the distinct purposes of a pseudonym (which protects identity from being linked to the case) and redactions (which prevent the public dissemination of highly prejudicial, irrelevant, or potentially harmful personal details contained within the case). Some of this information was included in filings due to excusable neglect during Appellant's abrupt transition to *pro se* status, with the good-faith intent that it be considered by the court alone.

- **The Threshold Invalidity of All Orders**. As a threshold matter, all orders under appeal are likely void. The evidence of foundational fraud, including the lack of a valid representation agreement and the absence of informed consent, likely renders

the entire proceeding a legal nullity from its inception, thereby invalidating any subsequent orders issued within it.

III. REQUESTED RELIEF AND RESERVATION OF RIGHTS

The relief sought on appeal includes, but is not limited to:

- A ruling that a full pseudonym should have been granted. Given the evolving circumstances and the prejudice already suffered, an ideal remedy would permit Appellant to proceed with an appropriate pseudonym and allow for redactions of irrelevant or sensitive information. To cure the harm caused by the District Court's prior erroneous rulings, an appropriate remedy would be to seal the existing record.

- Truthfully, Appellant could foresee a solution on the identity name issue in which he is allowed to move forward with his own name, but this would require the ability to pursue redactions and does not address the serious foundational invalidity of the case to begin with which has already been egregious.

- Appellant expressly requests and reserves the right to fully brief, develop, and expand upon these and all other available arguments upon direction from this Court, should the Motion for a Limited Remand be denied and this appeal proceed on the merits.

- Should the Fourth Circuit dismiss the motion for limited remand, Appellant respectfully requests an extension of time to develop the arguments he intends to make in full.

IV. CONCLUSION

Appellant respectfully asserts that the District Court's interlocutory orders were erroneous. However, for the reasons stated more fully in the concurrently filed Motion for a Limited Remand, Appellant contends that the most appropriate and judicially efficient action is for this Court to grant the limited remand to allow the District Court to address the foundational issue of the proceeding's validity.

Respectfully submitted,


September 24, 2025

/s/ Pro Se Appellant/Petitioner

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September, 2025, I caused a copy of the foregoing

Informal Brief Preservation of Arguments to be served via the Court's CM/ECF system on all

counsel of record.

/s/ Pro Se Appellant